Todd R. Alexander, Esq. NSB #10846
Caryn S. Tijsseling, Esq. NSB #6521
Lemons, Grundy & Eisenberg
6005 Plumas Street, Suite 300
Reno, Nevada 89519
(775) 786-6868

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SHERRY M. SHIPLEY, an individual; BRYANNA SNODDY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> EBARA INTERNATIONAL CORPORATION, a foreign corporation; SUN LIFE FINANCIAL (U.S.) SERVICES COMPANY, INC., a foreign corporation; and DOES 1 through 10, <br><br> Defendants. | Case No. |

### COMPLAINT
### 29 U.S.C.A. § 1132 (ERISA'S CIVIL ENFORCEMENT PROVISIONS)
### (JURY DEMANDED)

Plaintiffs, Sherry M. Shipley and Bryanna Snoddy, by and through their counsel, the law firm of Lemons, Grundy & Eisenberg, hereby complain of Defendants Sun Life Financial (U.S.) Services Company, Inc. ("Sun Life") and Ebara International Corporation ("Ebara") as follows.

### JURISDICTION & VENUE

1. This Court has original subject matter jurisdiction in this case under 28 U.S.C. § 1331 (federal question) because it is an action under the federal Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. § 1001 et. seq.

2. This Court has personal jurisdiction over the named defendants, Sun Life and Ebara, which are both foreign corporations licensed to conduct business in Nevada, and are actively conducting business in Nevada.

3. Venue is properly set in the United States District Court for the District of Nevada

1  (Northern division) because Plaintiffs are both residents of Nevada, and Defendants are
2  actively conducting business in Northern Nevada. This matter arises out of Sun Life's and
3  Ebara's direct contacts with Plaintiffs' decedent, Jason Cheely, in Reno, Nevada.

## PARTIES

4. Plaintiff, Sherry M. Shipley, is and was at all times relevant hereto an individual residing in Washoe County, State of Nevada.

5. Plaintiff, Bryanna Snoddy, was at all times relevant hereto an individual residing in Washoe County, State of Nevada.

6. Defendant Sun Life is a foreign corporation registered to do business in the State of Nevada.

7. Defendant Ebara is a foreign corporation registered to do business in the State of Nevada.

8. The true names or capacities, whether individual, corporate, association or otherwise of Defendants identified herein as DOES 1 – 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and therefore allege that each of the Defendants designated herein are or were in some manner responsible for the events and happenings referred to and caused damages referred to herein.

## GENERAL ALLEGATIONS

9. Jason Cheely, grandson of Plaintiff Sherry Shipley and fiancé of Plaintiff Bryanna Snoddy, was employed by Hood-EIC, LLC, prior to its acquisition by Ebara.

10. Jason Cheely was covered under Group Life Insurance Policy issued by Hood-EIC, LLC. The effective date of that policy was January 1, 2013 and Mr. Cheely's coverage became effective on June 1, 2014.

11. Upon acquisition by Ebara, all Hood-EIC, LLC employees, including Jason Cheely, were to be treated as new hires and allowed to enroll in additional benefits provided by Ebara.

12. On December 10, 2014, Jason Cheely was killed as the result of industrial injuries sustained in the course and scope of his employment with Ebara.

13. At the time of his death, Jason Cheely had a Group Life Insurance Policy issued to him through his employer, Ebara, by Sun Life (Group Policy Number 226351), and Cheely's beneficiaries were entitled to benefits under that policy.

14. Cheely had also been offered, and he accepted, supplemental life and accidental death coverage (hereinafter "supplemental coverage") by Ebara and Sun Life.  Although Ebara had already switched insurance carriers from The Hartford to Sun Life, Ebara provided Cheely with a Hartford enrollment form on which to enroll in the supplemental coverage.  (Attached hereto as **Exhibit 1**).

15. On July 5, 2014, Cheely opted for $100,000 in supplemental coverage. Sherry Shipley was listed as a 75% beneficiary, and Bryanna Snoddy was listed as a 25% beneficiary of Cheely's supplemental coverage.

16. From July 5, 2014 until Cheely's death on December 10, 2014, neither Ebara nor Sun Life ever notified Cheely of any purported defects in his supplemental coverage.  In fact, the opposite is true: Cheely was given assurances that his supplemental coverage was in place and effective.

17. Although Sun Life and Ebarra were in receipt of Cheely's enrollment form for supplemental coverage, neither Sun Life nor Ebarra ever provided Cheely any form of notice that his supplemental coverage had been cancelled.

18. The premiums for Cheely's basic and supplemental coverage were to be deducted directly from his paychecks.

19. After Cheely's death, Sherry Shipley was paid the proceeds of Cheely's basic life coverage.

20. Sherry Shipley and Bryanna Snoddy, however, have now been denied the benefits of Cheely's supplemental coverage.

21. After Cheely's death, Plaintiffs were informed that Ebara had neglected to withhold the premiums for Cheely's supplemental coverage from Cheely's paychecks.  Again, however, neither Sun Life nor Ebarra ever provided Cheely any form of notice that his supplemental coverage was in any way ineffective or that it had been cancelled.

22. Ebara made a lump sum premium payment for Cheely's supplemental coverage nine days after Cheely's death and upon realizing its mistake.

23. Cheely had no control over if and when Ebara made insurance premium deductions from his paychecks. That control rested solely with Ebara and/or Sun Life.

24. A claim was submitted for the benefits of Cheely's supplemental coverage on March 30, 2015.

25. Sun Life sent a request for additional information regarding the claim to Ebara (not to Shipley or Snoddy) on April 1, 2015. (Sun Life letter to Ebara, dated April 1, 2015, attached as **Exhibit 2**).

26. Sun Life first denied the claim for the benefits of Cheely's supplemental coverage on April 16, 2015. Sun Life's letter is erroneously dated April 16, 2014, which would have been before Cheely's death. (**Exhibit 3**). The letter is further erroneous in its reference to claims for benefits on the part of unknown individuals named "Tony" and "Alfred."

27. Sun Life's first denial (Exhibit 3) is based on Mr. Cheely's purportedly late enrollment. It states that, since Cheely's enrollment was four days late, he would have been required to submit "Evidence of Insurability" in order to be eligible for coverage.

28. Cheely was never notified, by either Sun Life or Ebara, that he was required to provide "Evidence of Insurability" in order for his supplemental coverage to have been effective.

29. The enrollment form provided to Cheely by Ebara contains no explanation that Cheely needed to provide "Evidence of Insurability" if he enrolled after the initial enrollment period. To the contrary, it explicitly provides that if he elects an amount of Supplemental Life and AD&D coverage that exceeds the guaranteed issue amount of $100,000, he would have been required to provide "evidence of good health."

30. Mr. Cheely elected to purchase only $100,000 of coverage, so it was clear to him that no additional evidence of insurability was required.

31. On June 26, 2015, Plaintiffs submitted to Sun Life and Ebara a formal, written request for review of Sun Life's first denial, explaining the many reasons why Sun Life's denial was wrongful. (**Exhibit 4**).

32. On July 11, 2015, Sun Life responded to Plaintiffs' June 26, 2015 letter, notifying Plaintiffs that it would again review Plaintiffs' claim for Cheely's supplemental coverage benefits. (**Exhibit 5**).

33. On August 12, 2015, Sun Life again denied Plaintiffs' claim for Cheely's supplemental coverage benefits. (**Exhibit 6**). This denial was based not only on the claim that Cheely had enrolled late and did not provide "Evidence of Insurability," but also on the claim that Cheely's enrollment form was a Hartford enrollment form, and that Ebara has not made Cheely's premium payments until after Cheely's death.

34. On October 2, Plaintiffs again wrote to Sun Life and Ebara, explaining why Cheely's supplemental coverage benefits should not continue to be denied. (**Exhibit 7**).

35. On November 9, 2015, Sun Life sent Plaintiffs its final denial letter.

**FIRST CAUSE OF ACTION**
**(Recovery of Benefits – 29 U.S.C.A. § 1132(a)(1)(B))**

36. Cheely was given the forms to enroll in basic life coverage and supplemental coverage by his employer, Ebara.

37. Cheely enrolled in both forms of coverage, and he was never given any indication that his enrollment was in any way defective.

38. The Hartford form given to Cheely by Ebara to enroll in supplemental coverage affirmatively notified him that he did not need to provide any additional evidence of insurability or good health because he was not electing an amount of coverage in excess of $100,000.

39. Ebara was to deduct the premiums from Cheely's paychecks for the coverage he had elected.

40. Cheely had absolutely no control over when or if Ebara paid the premium payments for the coverage he had elected.

41. Cheely reasonably assumed the premiums were being deducted and paid appropriately.

42. Cheely later died tragically in the course and scope of his employment with Ebara, and

Ebara apparently attempted to make up for its prior failure to deduct and pay the necessary premiums on Cheely's behalf by making a lump-sum premium payment nine days after Cheely's death.

43. The supplemental coverage for which Cheely enrolled has been wrongfully denied to his beneficiaries, Plaintiffs Sherry Shipley and Bryanna Snoddy.

WHEREFORE, Plaintiffs pray for the following relief:

1. Payment of the benefits of Cheely's supplemental coverage;
2. An award of reasonable attorney's fees, as permitted by 29 U.S.C.A. § 1132(g);
3. Such other amounts this Court deems it appropriate to award.

Dated: March 23, 2016.

Lemons, Grundy & Eisenberg

By: _____
Todd R. Alexander, Esq.
Caryn S. Tijsseling, Esq.
*Attorney for Plaintiffs*